UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
NARAIN MIRCHANDANI,                                              :
                              Petitioner.                        :   04 CV 4345 (ARR)
                                                                 :
        -against-                                                :   NOT FOR
                                                                 :   PUBLICATION
                                                                 :
UNITED STATES OF AMERICA,                                        :   OPINION
                                                                 :   AND ORDER
                              Respondent.                        :
---------------------------------------------------------------- X

ROSS, United States District Judge:

The petitioner Narain Mirchandani ("petitioner" or "Mirchandani") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2255 on October 7, 2004. This court convicted petitioner of conspiracy to launder narcotics proceeds under 18 U.S.C. § 1956(h) and sentenced him to three years of probation with special conditions, including one year's placement in community confinement. Petitioner challenges the imposition of the special condition of community confinement, arguing that the court should substitute community confinement with home detention. Petitioner was released from community confinement on July 5, 2005 and is currently under supervised release. Thus, the question before the court is whether the instant petition is moot due to petitioner's release from community confinement.

Here, petitioner does not attack the conviction itself nor does he challenge the three years of probation imposed by the court. He merely challenges the imposition of a special condition of his probationary sentence—that is, that he be placed in community confinement for one year—a special condition he has long since completed. No "collateral consequences"

1

flow from petitioner's satisfaction of the one year of community confinement imposed by the court as a special condition of his probationary sentence. See Spencer v. Kemna, 523 U.S. 1, 14-18 (1998) (holding that there is no presumption that "collateral consequences" result from parole revocation and that petitioner has failed to demonstrate such consequences); Lane v. Williams, 455 U.S. 624, 633-34 (1982) (finding that no "collateral consequences" resulted from the imposition of mandatory parole); United States v. Probber, 170 F.3d 345, 349 (2d Cir. 1999) (holding that petitioner's claims of injuries flowing from district court's finding that petitioner violated the terms of supervised release were "too speculative to satisfy the case-or-controversy requirement of Article III"). As such, no live controversy remains and the case, therefore, is dismissed as moot.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: November 2, 2005
      Brooklyn, New York